J-S10013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER MELO | : | |
| | : | |
| Appellant | : | No. 1312 MDA 2020 |

Appeal from the PCRA Order Entered September 15, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005500-2009

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 02, 2021**

Alexander Melo (Appellant) appeals from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and/or for a writ of *habeas corpus*. Appellant's court-appointed counsel (Counsel) filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1] Because we conclude that Counsel fulfilled the procedural requirements of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has declined to file a brief based on their agreement with Counsel and the PCRA court that **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020) "is dispositive" and "the instant claim lacks merit." Letter in lieu of Brief, 2/26/21.

***Turner*/*Finley***, and the petition lacks merit, we affirm the court's order and grant Counsel's petition to withdraw.

On April 15, 2010, a jury convicted Appellant of rape and related crimes. On June 4, 2010, the Sexual Offender Assessment Board found Appellant did not meet the criteria to be classified as a sexually violent predator. The trial court subsequently sentenced Appellant to an aggregate 5 to 10 years of imprisonment.

On June 17, 2011, this Court affirmed the judgment of sentence. ***Commonwealth v. Melo***, 31 A.3d 747 (Pa. Super. 2011) (unpublished memorandum). On October 18, 2011, the Pennsylvania Supreme Court denied Appellant's request for leave to appeal. ***Commonwealth v. Melo***, 30 A.3d 1192 (Pa. 2011).

Appellant filed a first timely PCRA petition in June 2012. The PCRA court appointed counsel, and after conducting a hearing, denied relief on October 31, 2013. This Court affirmed. ***Commonwealth v. Melo***, 2015 WL 7722991 (Pa. Super. June 22, 2015). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

In March 2016, Appellant filed a second PCRA petition, which the PCRA court subsequently dismissed. On June 14, 2017, this Court affirmed the dismissal. ***Commonwealth v. Melo***, 2017 WL 2570034 (Pa. Super. June 14, 2017). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On November 1, 2017, Appellant filed the underlying petition premised on the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Petition, 11/1/17, at 3. The court appointed counsel and convened a hearing on May 29, 2018. The court also directed that the parties file briefs. On December 24, 2018, Appellant submitted an amended PCRA/petition for a writ of *habeas corpus*. Again, in response to the court's order, both parties submitted briefs. The court subsequently held the matter in abeyance pending resolution of several cases before the Pennsylvania Supreme Court.

A second hearing took place on September 15, 2020. At that time, the parties acknowledged the Pennsylvania Supreme Court's decision in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), which resolved Appellant's issue by rendering it "legally moot." **See** N.T., 9/15/20 at 2-6. The court denied the petition from the bench. **Id.** at 7. This timely appeal followed.[2]

On January 28, 2021, Counsel filed a motion to withdraw with this Court, attaching a **Turner**/**Finley** no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Accordingly, we must determine if Counsel has satisfied the requirements to be permitted to withdraw from further representation.

---

[2] Appellant and the court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Pursuant to ***Turner*/*Finley***, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that independent review requires proof of:

> 1. A "no merit" letter by [ ] counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by [ ] counsel listing each issue the petitioner wished to have reviewed;
>
> 3. [C]ounsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;
>
> 4. The [ ] court conducting its own independent review of the record; and
>
> 5. The [ ] court agreeing with counsel that the petition was meritless.

***Id.*** (citation and some brackets omitted).

> Additionally:
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of ***Turner*/*Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner*/*Finley*** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner*/*Finley***, the [court] must then conduct its own review of the merits of the case.

- 4 -

> If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, Counsel filed a no-merit letter and motion to withdraw which state the nature and extent of Counsel's review of the case; he listed the issue for which Appellant seeks review, explained why and how Appellant's claim lacks merit, and requested permission to withdraw. ***See Turner/Finley*** Letter, 1/28/21; Motion to Withdraw as Counsel, 1/28/21. Counsel also sent Appellant a copy of the no-merit letter, a copy of the motion to withdraw, and a statement advising Appellant of his right to proceed *pro se* or by privately retained counsel. Appellant has not filed a response. Thus, the record reflects Counsel submitted a motion to withdraw and no-merit letter that satisfy the technical demands of ***Turner/Finley***. We therefore turn to Appellant's claim to ascertain whether he is entitled to relief.

Appellant argues that the application of Subchapter I[3] of the Sexual Offender Registration and Notification Act (SORNA) in this case violates *ex post facto* constitutional protections.

On July 17, 2017 — more than seven years after Appellant was sentenced — our Supreme Court decided ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (plurality). The Court applied the framework

---

[3] 42 Pa.C.S.A. §§ 9799.51-9799.75 (eff. Feb. 21, 2018).

established in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963) to conclude that SORNA I was "punitive in effect." ***Muniz***, 164 A.3d at 1218. Based on that analysis, our Supreme Court held that retroactive application of SORNA I constituted an *ex post facto* violation when applied to a defendant who committed a sexual offense before December 20, 2012, the effective date of SORNA I. ***See id.*** at 1223; ***see also Commonwealth v. Lippincott***, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*).

In response to ***Muniz***, the General Assembly amended SORNA I to include Acts 10 and 29 of 2018 (SORNA II). ***See*** 2018, Feb. 21, P.L. 27, No. 10 (Act 10); ***see also*** 2018, June 12, P.L. 140, No. 29, (Act 29). SORNA II divides sex offender registrants into two distinct subchapters — Subchapter H, which includes individuals who were convicted of a sexually violent offense that occurred on or after December 20, 2012, and Subchapter I, which includes individuals who were convicted of a sexually violent offense that occurred "on or after April 22, 1996, but before December 20, 2012," or who were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired. ***See*** 42 Pa.C.S.A. § 9799.11(c) and 42 Pa.C.S.A. § 9799.52, respectively.

On July 21, 2020, our Supreme Court issued its decision in ***Lacombe***. The Court rejected the Commonwealth's argument that the trial court lacked jurisdiction to consider challenges to sex offender registration requirements

outside the confines of the PCRA.[4] ***Lacombe***, 234 A.3d at 617-18.  The Court then observed that Subchapter I was "markedly different from the version of SORNA invalidated in ***Muniz***."  ***Id.*** at 606.  Accordingly, the Court in ***Lacombe*** applied the same ***Mendoza-Martinez*** framework as the Court in ***Muniz***, ultimately concluding that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws."  ***Id.*** at 605-06.

More recently, the Supreme Court vacated our decision in ***Commonwealth v. Moore***, where we held that 42 Pa.C.S.A. § 9799.63 (the internet notification provision of Subchapter I) violated the federal *ex post facto clause*, but was severable from the remainder of Subchapter I. ***Commonwealth v. Moore***, 222 A.3d 16 (Pa. Super. 2019), ***vacated***, 42 WAL 2020 (Pa. filed Oct. 6, 2020) (*per curiam* order) (vacating and remanding pursuant to ***Lacombe***).

Here, Appellant's Subchapter I claims are based on his argument that like SORNA I, Subchapter I is punitive under the analysis set forth in ***Muniz***. However, as recognized by the court, Counsel and the Commonwealth, ***Lacombe*** is dispositive of this issue and Appellant is not entitled to relief.  ***Id.*** Accordingly, we affirm.

Order affirmed. Petition to withdraw granted.

---

[4] Instantly, Appellant's petition was alternately titled as a PCRA petition and a petition for a writ of *habeas corpus*.  The court dismissed the petition based on a merits analysis, such that we need not address the PCRA's timeliness requirements.

Judge McLaughlin joins the memorandum.

Judge Pellegrini files a concurring memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2021